By the Court.
Van Vorst, J.
This is an appeal from an order directing William H. Jackson to pay the costs secured by the defendant above named against the plaintiff, on the ground that Jackson was the person beneficially interested in the securing of any judgment herein.
Section 3247 of the Code of Civil Procedure provides that where an action is brought in the name of another by the transferee of the cause of action, or by any other person, who is beneficially interested therein, such transferee or other person, so .interested, is hable for costs, etc. The ground upon which the liability of Jackson was placed by the order was, as has been seen, that he was the person beneficially interested. It is not claimed that Jackson was the transferee of the cause of action. The fact seems to be that Jackson, through his attorney, was attempting to collect a just demand against Elliot, the plaintiff in this action, and was proceeding in a suit on the equity side of the court, to obtain satisfaction of his claim ; that Elliot, whilst Jackson’s suit was pending against him, delivered to the attorney of Jackson certain claims he had against others, for collection, among which was a demand against the defendant in this suit. The understanding between Elliot and the plaintiff’s attorney was, that if anything was collected on these claims, they should be credited on the demand of Jackson against him, which was then in course of prosecution, and any balance that might arise after payment of Jackson’s claim, was to be handed over to Elliot. The claim against the defendant was prosecuted in the name of Elliot, and the result was a judgment for the costs, which have been directed to be paid by Jackson.
Do these facts sustain the order made ?
Was the suit prosecuted by Jackson in the name of Elliot, and was he the party principally interested f Jackson has in effect sworn that he did not authorize the *54 commencement of the suit against the defendant in favor of Elliot. He says “ that he never knew or heard of the defendant, or knew that an action had been brought against him by the plaintiff until the motion papers herein were served.” There is nothing in the papers to impair the truthfulness or break the force of this clear statement. He further says that he never requested or advised any action to be brought. He know, however, that certain claims had been furnished by Elliot to his attorney in the action against Elliot, but says they were collateral, to be accounted for if collected.
It is going a great way to hold that Jackson was prosecuting a suit in the name of Elliot, when he know nothing of the commencement or pendency of the action, until he was served with papers calling upon him to pay the costs thereof.
The action in favor of Elliot was commenced, it is true, by the person employed by Jackson to prosecute his suit against Elliot ; but such employment certainly did not justify the attorney, to whom the claims were delivered, to commence suits therein, for which Jackson might be made liable. The fact that the attorney held the claims for collection, the avails to be applied to the payment of his Ghent’s claim, did not authorize him to bring suits, for which Jackson should in any way be liable either to himself or others. In order to show such authority in an attorney to bring actions in the name of another, for which his chent shah be made hable, more must appear than is shown in these papers.
Not can it be said that Jackson was the person principally intrusted in a true sense. Elliot was seeking to pay a just debt. Whatever was collected went directly to diminish his liability, and the surplus, if any, was his property. He had made no assignment of the claim. He had delivered it for collection only. The action was properly brought in his name. He seemed to be the one chiefly interested, and attended upon the trial several days, and produced the evidence to sustain his claim.
*55 The attorney in his affidavit in opposition to the motion says that there was no agreement between him and Elliot “ that Jackson should prosecute this action or pay the expenses thereof.”
In view of all the facts I cannot consider that Jackson was hable for these costs, as he did not direct the bringing of the action, nor did he countenance or adopt it in any way after its commencement. He was ignorant of the action of the attorney in its conduct, the attorney having-no authority from him, actual or constructive, to bring it for him in the name of another, or to charge him with its consequences. I have examined the several cases cited in the respondent’s brief, and find no case which would justify charging Jackson with these costs upon the facts appearing in the papers. The result reached is that the order appealed from is reversed, with costs and disbursements.
Sedgwick, Oh. J., concurred.